# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LUMENT STRUCTURED FINANCE, LLC<br><br>*Plaintiff*,<br><br>v.<br><br>STANISLAV ELI GRINBERG, PETER GIZUNTERMAN, S&P ASSET HOLDINGS LLC, AND VISION & BEYOND CAPITAL INVESTMENTS.<br><br>*Defendants*. | NO. 4:25-cv-3599 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff LUMENT STRUCTURED FINANCE, LLC ("LSF") (f/k/a OREC Structured Finance Co., LLC) files this Original Complaint against Defendants STANISLAV ELI GRINBERG ("Grinberg"), PETER GIZUNTERMAN ("Gizunterman"), S&P ASSET HOLDINGS LLC ("S&P"), AND VISION & BEYOND CAPITAL INVESTMENTS ("Vision & Beyond") (together, "Guarantors"), and alleges as follows:

### I. PARTIES

1. Plaintiff LSF is a Delaware Limited Liability Company. For diversity purposes, Plaintiff is a citizen of Delaware and New York because LSF is a single member LLC whose sole member is a single member LLC. ORIX Corporation USA is the first non-single member LLC in the ownership structure, and ORIX is incorporated in Delaware and has its principal place of business in New York.

2. Defendant Grinberg is an individual who resides at 903 Grapevine Ln, Nashville, TN 37221-4365. For diversity purposes, on information and belief, Defendant is a citizen of either Ohio or Tennessee.

ORIGINAL COMPLAINT – 1

3. Defendant Gizunterman is an individual who resides at 465 Brickell Ave Apt 4704, Miami, FL 33131-4021. For diversity purposes, on information and belief, Defendant is a citizen of either Ohio or Florida.

4. Defendant S&P is an Ohio Limited Liability Company with its principal place of business at 2100 Auburn Avenue, Cincinnati, Ohio 45219. Defendant S&P may be served at its registered agent, CT Corp 4400 Easton Commons Way, Suite 125, Columbus OH 43219. For diversity purposes, on information and belief, Defendant is a citizen of Ohio because all its members are citizens of Ohio.

5. Defendant Vision & Beyond is an Ohio Limited Liability Company with its principal place of business at 2100 Auburn Avenue, Cincinnati, Ohio 45219. Defendant S&P may be served at its registered agents, Benjamin Shimoni or Karley Whisman, 24 E University Ave, Cincinnati, OH 45219-2078, or wherever they may be found. For diversity purposes, on information and belief, Defendant is a citizen of Ohio because all its members are citizens of Ohio.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendants because Defendants have established sufficient minimum contacts with the State of Texas such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. Defendants purposefully availed themselves of the privilege of conducting business in Texas by, among other things, entering into the agreements at issue in this lawsuit for the purpose of purchasing or rehabilitating properties in Texas, and because Defendants contractually agreed to resolve this

dispute in any state or federal court sitting in the state where the Property is located. The claims asserted herein arise out of or relate to Defendants' contacts with Texas.

6. Venue is proper in the Houston Division of this District because a substantial part of the events or omissions giving rise to LSF's claims occurred in this District, including performance of Defendants' contractual obligations.[1]

### III. STATEMENT OF FACTS

7. On April 29, 2022, LSF made three separate loans to three different borrowers: Green Tree Place Holdings LLC ("Green Tree"),[2] Pine Lake Property LP ("Pine Lake"),[3] and Ridgepoint Apts Holdings LLC ("Ridgepoint")[4] (collectively, the "Borrowers").

8. Each loan was secured by real property located in Harris County, Texas.

9. On April 29, 2022, Defendants Grinberg and Gizunterman executed Limited Recourse Guaranty agreements for all three loans.[5]

10. Each loan also encompassed a Second Modification Agreement dated June 9, 2024 identifying LSF as the Lender and Defendants Grinberg, Gizunterman, S&P, and Vision & Beyond as Guarantors.[6]

---

[1] Section 23 of the Limited Recourse Guaranty agreements state in relevant part that "Guarantor irrevocably submits generally and unconditionally for itself and in respect of its property to the nonexclusive jurisdiction of any state or **federal court sitting in the state where the Property is located** and/or in the State of New York over any suit, action or proceeding arising out of, or relating to, this Guaranty, and irrevocably agrees that all claims in respect of such action or proceeding maybe heard and determined in such state or federal court. Guarantor irrevocably waives, to the fullest extent permitted by law, any objection that Guarantor may now or hereafter have to the laying of venue of any such suit, action or proceeding brought in any such court, and any claims that any such suit, action or proceeding is brought in an inconvenient forum." (emphasis added)

[2] EX A-1 (Green Tree Place Holdings, LLC Loan Agreement)

[3] EX B-1 (Pine Lake Property LP Loan Agreement)

[4] EX C-1 (Ridgepoint Apts Holdings, LLC Loan Agreement)

[5] EX A-2, B-2, and C-2 (Limited Recourse Guaranty for Green Tree Place Holdings, LLC, Pine Lake Property LP, and Ridgepoint Apts Holdings, LLC loan agreements)

[6] EX A-3, B-3, and C-3 (Second Modification Agreement to Green Tree Place Holdings, LLC, Pine Lake Property LP, and Ridgepoint Apts Holdings, LLC loan agreements)

11. Section 2(A) of each of the Modification Agreements modified and amended the definition of "Guarantor" under Section 1.1 of the Green Tree, Pine Lake, and Ridgepoint loan agreements respectively to mean collectively "Stanislav Eli Grinberg an individual, Peter Gizunterman an individual, Vision & Beyond Capital Investments, an Ohio limited liability company and S&P Asset Holdings LLC, an Ohio limited liability company."

12. Section 3(A) of each of the Modification Agreements modified and amended the first paragraph of the Green Tree, Pine Lake, and Ridgepoint loan agreements respectively by deleting the first paragraph and replacing it with the following:

> "**THIS LIMITED RECOURSE GUARANTY** (this '**Guaranty**') is made this 29th day of April, 2022, by **STANISLAV ELI GRINBERG,** an individual, **PETER GIZUNTERMAN,** an individual, **VISION & BEYOND CAPITAL INVESTMENTS,** an Ohio limited liability company and **S & P ASSET HOLDINGS LLC,** an Ohio limited liability company (collectively, '**Guarantor**'), in favor of **OREC STRUCTURED FINANCE CO., LLC** (including its successors, transferees and assigns, the '**Lender**')."

A. **GREEN TREE PLACE HOLDINGS LOAN**

13. On April 29, 2022, LSF made a loan to Green Tree in the principal amount of $20,121,000.00 (the "Green Tree Loan").

14. The Green Tree Loan was secured by real property located in Harris County, Texas.

15. The Green Tree Loan Agreement contained provisions in Section 9.2 specifying conditions that would trigger full recourse liability for the guarantors.

16. Section 9.2(xii) of the Green Tree Loan Agreement provided that full recourse liability would be triggered if "any Borrower Party or any of their respective Affiliates contesting or in any way interfering with, directly or indirectly, any foreclosure action, UCC sale or other remedy exercised by Lender upon the occurrence of any Event of Default whether by making any

motion, bringing any counterclaim, claiming any defense, seeking any injunction or other restraint, commencing any action, or otherwise."

17.     Section 9.2(xiii) of the Green Tree Loan Agreement provided that full recourse liability would be triggered by "any intentional or grossly negligent failure to cause all Rents to be deposited into the Clearing Account in accordance with the requirements of the Loan Documents, or, any failure to cause all Rents to be deposited into the Clearing Account in accordance with the requirements of the Loan Documents, to the extent such failure is not cured within ten (10) days of the earlier of (A) Borrower or Guarantor obtaining knowledge of such failure or (B) written notice from Lender of such failure."

18.     Section 9.2(xiv) of the Green Tree Loan Agreement provided that full recourse liability would be triggered by "any intentional or grossly negligent misapplication or misappropriation or conversion by or on behalf of any Borrower Party or any of their respective Affiliates, agents, employees, attorneys-in-fact or representatives of (A) any insurance proceeds, (B) any Awards, (C) any Rents, (D) any Rents paid more than one (1) month in advance, (E) security deposits or (F) any other monetary collateral for the Loan, or, any misapplication, misappropriation or conversion by such Persons of such amounts to the extent the same is not cured within ten (10) days of the earlier of (A) Borrower or Guarantor obtaining knowledge of the same or (B) written notice from Lender of the same."

19.     Green Tree defaulted on the Green Tree Loan by, among other things, missing debt service payments, failing to complete required capital expenditures, and failing to comply with insurance requirements.

20.     On July 22, 2024, LSF sent a demand letter to Green Tree and the Guarantors

regarding these defaults.[7] Despite the demand letter, the Guarantors have failed to pay the amounts due under their guaranties for the Green Tree Loan.

21. On November 4, 2024, Green Tree filed an Original Petition and Application for Injunctive Relief in the 164th Judicial District Court of Harris County, Texas (Cause No. 2024-77037) to prevent foreclosure,[8] which triggered full recourse liability under Section 9.2(xii) of the Green Tree Loan Agreement.

22. Green Tree also failed to apply rents as required under the Green Tree Loan Agreement, triggering full recourse liability under Sections 9.2(xiii) and 9.2(xiv) of the Green Tree Loan Agreement.

23. LSF has foreclosed on the subject real property, but a $6,330,366.47 deficiency remains, for which Defendants are still liable under their guaranties.

### B. PINE LAKE PROPERTY LOAN

24. On April 29, 2022, OREC made a loan to Pine Lake in the principal amount of $10,587,000.00 (the "Pine Lake Loan").

25. The Pine Lake Loan was secured by real property located in Harris County, Texas.

26. The Pine Lake Loan Agreement contained provisions in Section 9.2 specifying conditions that would trigger full recourse liability for the guarantors.

27. Section 9.2(ii) of the Pine Lake Loan Agreement provided that full recourse liability would be triggered if "Borrower or Guarantor filing a voluntary petition under the Bankruptcy Code or any other federal or state bankruptcy or insolvency law."

---

[7] EX A-4 (Green Tree Demand Letter)
[8] EX D (Plaintiffs' Original Petition and Application for Injunctive Relief)

28. Section 9.2(xii) of the Pine Lake Loan Agreement provided that full recourse liability would be triggered if "any Borrower Party or any of their respective Affiliates contesting or in any way interfering with, directly or indirectly, any foreclosure action, UCC sale or other remedy exercised by Lender upon the occurrence of any Event of Default whether by making any motion, bringing any counterclaim, claiming any defense, seeking any injunction or other restraint, commencing any action, or otherwise."

29. Section 9.2(xiii) of the Pine Lake Loan Agreement provided that full recourse liability would be triggered by "any intentional or grossly negligent failure to cause all Rents to be deposited into the Clearing Account in accordance with the requirements of the Loan Documents, or, any failure to cause all Rents to be deposited into the Clearing Account in accordance with the requirements of the Loan Documents, to the extent such failure is not cured within ten (10) days of the earlier of (A) Borrower or Guarantor obtaining knowledge of such failure or (B) written notice from Lender of such failure."

30. Section 9.2(xiv) of the Pine Lake Loan Agreement provided that full recourse liability would be triggered by "any intentional or grossly negligent misapplication or misappropriation or conversion by or on behalf of any Borrower Party or any of their respective Affiliates, agents, employees, attorneys-in-fact or representatives of (A) any insurance proceeds, (B) any Awards, (C) any Rents, (D) any Rents paid more than one (1) month in advance, (E) security deposits or (F) any other monetary collateral for the Loan, or, any misapplication, misappropriation or conversion by such Persons of such amounts to the extent the same is not cured within ten (10) days of the earlier of (A) Borrower or Guarantor obtaining knowledge of the same or (B) written notice from Lender of the same."

31. Pine Lake defaulted on the Pine Lake Loan by, among other things, missing debt service payments, failing to complete required capital expenditures, and failing to comply with insurance requirements.

32. On July 22, 2024, LSF sent a demand letter to Green Tree and the Guarantors regarding these defaults.[9] Despite the demand letter, the Guarantors have failed to pay the amounts due under their guaranties for the Green Tree Loan.

33. On November 4, 2024, Pine Lake filed an Original Petition and Application for Injunctive Relief in the 164th Judicial District Court of Harris County, Texas (Cause No. 2024-77037)[10] to prevent foreclosure, which triggered full recourse liability under Section 9.2(xii) of the Pine Lake Loan Agreement.

34. Pine Lake failed to apply rents as required under the Pine Lake Loan Agreement, triggering full recourse liability under Sections 9.2(xiii) and 9.2(xiv) of the Pine Lake Loan Agreement.

35. On January 6, 2025, Pine Lake filed for bankruptcy in the United States District Court for the Southern District of Texas, Houston Division (Case No. 25-90001),[11] which triggered full recourse liability under Section 9.2(ii) of the Pine Lake Loan Agreement.

36. LSF has foreclosed on the subject real property, but a $4,916,688.12 deficiency remains, for which Defendants are still liable under their guaranties.

### C. RIDGEPOINT APTS HOLDINGS LOAN

37. On April 29, 2022, LSF made a loan to Ridgepoint in the principal amount of $18,798,000.00 (the "Ridgepoint Loan").

---

[9] EX B-4 (Pine Lake Demand Letter)

[10] EX D (Plaintiffs' Original Petition and Application for Injunctive Relief)

[11] EX B-5 (Pine Lake Chap. 11 Bankruptcy Petition)

38. The Ridgepoint Loan was secured by real property located in Harris County, Texas.

39. The Ridgepoint Loan Agreement contained provisions in Section 9.2 specifying conditions that would trigger full recourse liability for the guarantors.

40. Section 9.2(xii) of the Ridgepoint Loan Agreement provided that full recourse liability would be triggered if "any Borrower Party or any of their respective Affiliates contesting or in any way interfering with, directly or indirectly, any foreclosure action, UCC sale or other remedy exercised by Lender upon the occurrence of any Event of Default whether by making any motion, bringing any counterclaim, claiming any defense, seeking any injunction or other restraint, commencing any action, or otherwise."

41. Section 9.2(xiii) of the Ridgepoint Loan Agreement provided that full recourse liability would be triggered by "any intentional or grossly negligent failure to cause all Rents to be deposited into the Clearing Account in accordance with the requirements of the Loan Documents, or, any failure to cause all Rents to be deposited into the Clearing Account in accordance with the requirements of the Loan Documents, to the extent such failure is not cured within ten (10) days of the earlier of (A) Borrower or Guarantor obtaining knowledge of such failure or (B) written notice from Lender of such failure."

42. Section 9.2(xiv) of the Ridgepoint Loan Agreement provided that full recourse liability would be triggered by "any intentional or grossly negligent misapplication or misappropriation or conversion by or on behalf of any Borrower Party or any of their respective Affiliates, agents, employees, attorneys-in-fact or representatives of (A) any insurance proceeds, (B) any Awards, (C) any Rents, (D) any Rents paid more than one (1) month in advance, (E) security deposits or (F) any other monetary collateral for the Loan, or, any misapplication, misappropriation or conversion by such Persons of such amounts to the extent the same is not

cured within ten (10) days of the earlier of (A) Borrower or Guarantor obtaining knowledge of the same or (B) written notice from Lender of the same."

43. Ridgepoint defaulted on the Ridgepoint Loan by, among other things, missing debt service payments, failing to complete required capital expenditures, and failing to comply with insurance requirements.

44. On July 22, 2024, LSF sent a demand letter to Green Tree and the Guarantors regarding these defaults.[12] Despite the demand letter, the Guarantors have failed to pay the amounts due under their guaranties for the Green Tree Loan.

45. On November 4, 2024, Ridgepoint filed an Original Petition and Application for Injunctive Relief in the 164th Judicial District Court of Harris County, Texas (Cause No. 2024-77037)[13] to prevent foreclosure, which triggered full recourse liability under Section 9.2(xii) of the Ridgepoint Loan Agreement.

46. Ridgepoint failed to apply rents as required under the Ridgepoint Loan Agreement, triggering full recourse liability under Sections 9.2(xiii) and 9.2(xiv) of the Ridgepoint Loan Agreement.

47. LSF has foreclosed on the subject real property, but a $8,216,428.04 deficiency remains, for which Defendants are still liable under their guaranties.

## V. CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT
### (Against All Defendants)

48. LSF repeats and realleges the allegations set forth in paragraphs 1 through 47 as if fully set forth herein.

---

[12] EX C-4 (Ridgepoint Demand Letter)

[13] EX D (Plaintiffs' Original Petition and Application for Injunctive Relief)

49. Defendants entered into valid contracts with LSF.

50. On April 29, 2022, Defendants Grinberg and Gizunterman each executed Limited Recourse Guaranty Agreements in connection with the Green Tree, Pine Lake, and Ridgepoint loans. Subsequently, on June 10, 2024, Defendants S&P and Vision & Beyond were added as guarantors pursuant to a Second Modification Agreement, thereby assuming liability under the same Limited Recourse Guaranty Agreements for all three loans.

51. LSF fully performed its obligations under the loan agreements by funding the loans in the amounts of $20,121,000.00 (Green Tree), $10,587,000.00 (Pine Lake), and $18,798,000.00 (Ridgepoint).

52. The Borrowers defaulted on their loan obligations by, among other things, failing to make required debt service payments, failing to complete required capital expenditures, and failing to comply with insurance requirements.

53. The Borrowers further triggered full recourse liability under the Limited Recourse Guaranty Agreements by: (a) filing for a temporary restraining order to halt foreclosure proceedings, in violation of Section 9.2(xii); (b) failing to properly apply collected rents as required, in violation of Sections 9.2(xiii) and 9.2(xiv); and (c) in the case of the Pine Lake loan, filing for bankruptcy, in violation of Section 9.2(ii).

54. Defendants breached their obligations under the Limited Recourse Guaranty Agreements by failing and refusing to pay the amounts due following the Borrowers' defaults and triggering full recourse liability.

55. Following LSF's foreclosure of the collateral properties for the Green Tree, Pine Lake, and Ridgepoint loans, deficiency balances of $6,330,366.47, $4,916,688.12, and

$8,216,428.04, respectively, remain. Defendants have breached their guaranty obligations by failing and refusing to pay these sums.

56. As a direct and proximate result of Defendants' breaches, LSF has suffered damages including but not limited to unpaid loan balances, accrued interest, fees, and costs.

## VI. CONDITIONS PRECEDENT

57. All conditions precedent have been satisfied for the presentment of LSF's breach of contract claim(s).

## VII. LSF IS ENTITLED TO ITS ATTORNEY'S FEES

58. LSF incorporates by reference the preceding paragraphs and allegations as set forth fully herein at length. LSF, pursuant to its contracts with Defendants, Chapter 38 of the Texas Civil Practices and Remedies Code, and common law, seeks the recovery of its reasonable and necessary attorney's fees and costs.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, LSF respectfully prays that Defendants be cited to appear and answer herein, and that LSF have judgment against Defendants for:

1. Actual damages against all Defendants, jointly and severally, in the amount of $19,463,482.63, plus accrued interest, default interest, late charges, and other fees and costs as provided in the loan agreements;

2. Pre-judgment and post-judgment interest as allowed by law and/or contract;

3. Reasonable and necessary attorney's fees as provided for in the loan agreements and guaranty agreements;

4. Costs of court; and

5. Such other and further relief, both general and special, at law and in equity, to which

Plaintiff may show itself justly entitled.

Dated: August 4, 2025    Respectfully submitted,

*/s/ Sean T. Hamada*
Sean T. Hamada
Texas State Bar No. 24014448
**HAMADA SMITH, PLLC.**
Dallas Galleria Tower Three, Suite 900
13155 Noel Road
Dallas, TX 75250
Tel: 972-872-8884 | Fax: 972-872-8883
Email: sean@hamadasmith.com

ATTORNEYS FOR PLAINTIFF
LUMENT STTRUCTURED FINANCE, LLC